## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**ELROY B. KITZLER,**

    **Plaintiff,**

**v.**                                                                         **Case No.  8:04-cv-87-T-30MAP**

**SAFECO PROPERTY & CASUALTY**
**INSURANCE COMPANY,**

    **Defendant.**
_____/

## **ORDER**

      THIS CAUSE comes before the Court upon Defendant's First Motion in Limine (Dkt. #27) and Plaintiff's response thereto (Dkt. #29).  This case arises out of a dispute over whether damage to Plaintiff's property was caused by a sink-hole and, therefore, is covered by the parties' insurance contract.  Defendant argues that Plaintiff should be precluded from introducing at trial evidence related to the conditions of other properties surrounding Plaintiff's property because such evidence is inadmissible under Fed. R. Evid. 401, 403, and 802.  Plaintiff objects, arguing that such evidence is admissible in this case because the information was properly relied on by Plaintiff's expert to form his conclusions as to the cause of the property damage.  Additionally, Plaintiff represents that the information relied on by his expert was data collected by other experts, not opinions of other experts.

Having reviewed the parties briefs and the deposition testimony of Plaintiff's expert, this Court finds that the record is unclear whether Plaintiff's expert relied on any data other than information specific to Plaintiff's property to form his opinion.

It is therefore ORDERED AND ADJUDGED that this Court **RESERVES** ruling on Defendant's First Motion In Limine (Dkt. #27) until trial. Defendant's Motion shall be granted at trial unless Plaintiff's expert testifies that he relied on data from adjoining properties to form his opinion.

**DONE** and **ORDERED** in Tampa, Florida on June 6, 2005.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2004\04-cv-87 Motion in Limine Other Property.wpd